**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES M. KELLEY, | No. 17-15489 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01141-LHK |
| v. | |
| JPMORGAN CHASE BANK, N.A.; et al. | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

James M. Kelley appeals pro se from the district court's order affirming the

bankruptcy court's summary judgment in Kelley's adversary proceeding. We have

jurisdiction under 28 U.S.C. § 158(d). We review de novo. *Suncrest Healthcare*

*Ctr. LLC v. Omega Healthcare Inv'rs, Inc. (In re Raintree Healthcare Corp.)*, 431

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 685, 687 (9th Cir. 2005). We affirm.

The bankruptcy court properly granted summary judgment because Kelley failed to exhaust his administrative remedies under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). *See* 12 U.S.C. § 1821(d)(3)-(10) (setting forth FIRREA's administrative claims process); *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1060-61 (9th Cir. 2014) (§ 1821(d)(13)(D) strips courts of jurisdiction over claims against certain failed banks when such claims have not been exhausted through FIRREA's claims process); *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209 (9th Cir. 2012) ("[A] claim asserted against a purchasing bank based on the conduct of a failed bank must be exhausted under FIRREA."). Because a dismissal for lack of subject matter jurisdiction should be without prejudice, *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004), we remand to the bankruptcy court with instructions to amend the judgment to reflect that the dismissal of claims barred by FIRREA is without prejudice.

We reject as without merit Kelley's contentions that he properly rescinded under the Truth in Lending Act and his contentions in support of his objections to defendants' proof of claims.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett*

17-15489

*v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED; REMANDED with instructions to amend the judgment.**